■ LEON R. MEYER, Appellant, v COSTON HARGETT et al., Defendants, and BECKER, ENGLEMAN & REMER, Nonparty Respondents.—In an action to recover damages for wrongful death, the plaintiff appeals from an order of the Supreme Court, Queens County (Hentel, J.), dated March 1, 1990, which denied his motion to remove the law firm of Becker, Engleman & Remer as his attorneys in defense of a counterclaim and to substitute, in its place, John J. Howley, the attorney representing him on the complaint.

Ordered that the order is affirmed, without costs or disbursements.

The record does not support the plaintiff's contention that the court improvidently exercised its discretion, pursuant to CPLR 4011, in denying his motion to remove the law firm of Becker, Engleman & Remer. That law firm had been appointed by an insurance company on behalf of the plaintiff to defend against a counterclaim for an apportionment of damages. Although the Becker, Engleman & Remer firm had served a 90-day notice on the plaintiff's retained counsel, the court properly denied the motion to remove the firm. Under the facts of this case, the service of the 90-day notice did not prejudice the plaintiff's action. The plaintiff's retained counsel was dilatory in his representation of the plaintiff's interests, and under the circumstances of this case we cannot say that this procedural prod, utilized by the Becker, Engleman & Remer firm, undermined or prejudiced the plaintiff in a way that calls for the firm's removal. Mangano, P. J., Rosenblatt, Lawrence and Copertino, JJ., concur.